United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Lovely Marius, Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 23-22064-Civ-Scola |
| ) | |
| Iberia Bank and others, ) | |
| Defendants. ) | |

### Order Granting in Part and Denying in Part Motion to Dismiss

Lovely Marius, proceeding pro se and *in forma payperis*, filed this lawsuit against Defendants Iberia Bank, First Horizon National Corp., and Lupe Rodriguez claiming she was discriminated against based on her race.[1] Specifically, Marius appears to allege she was prevented from opening an account at an Iberia Bank branch in Aventura, Florida, and that Rodriguez (a bank employee), urged her to instead "open her business account with banks for the 'Black people.'" (Am. Compl., ECF No. 8, 2.) After the complaint survived initial screening under 28 U.S.C. § 1915, the Defendants responded by urging the Court to dismiss Marius's complaint, arguing the allegations fail to state a claim under Federal Rule of Civil Procedure 12(b)(6).[2] (Def.'s Mot., ECF No. 26.) Marius has responded to the motion to dismiss (ECF No. 29) and the Defendants have timely replied (ECF No. 30). After reviewing the briefing, the record, and the relevant legal authorities, the Court **grants** the Defendants motion, **in part**, and **denies** it **in part** (**ECF No. 26**), while at the same time **striking** Marius's complaint (**ECF No. 8**) as a shotgun pleading.

---

[1] The Defendants advise that the proper entity name is First Horizon Corporation, not First Horizon National Corp., as Marius sets forth in her complaint. (Def.'s Mot., ECF No. 26, 1.) The Defendants also say that, in any event, First Horizon Corporation is not a proper party because First Horizon Corporation is First Horizon Bank's holding company. (*Id.* at n. 1.) Additionally, the Defendants explain, First Horizon Bank is the successor by merger to Iberia Bank. (*Id.* at 1.)

[2] In a footnote, the Defendants also suggest a challenge to the sufficiency of service on Rodriguez. But "addressing legal arguments in footnotes is an incorrect method to present substantive arguments on the merits or otherwise request relief from the Court." *Sony Music Ent. v. Vital Pharm., Inc.*, No. 21-22825-CIV, 2022 WL 4771858, at *13 (S.D. Fla. Sept. 14, 2022) (Dimitrouleas, J.); *see also Pinson v. JPMorgan Chase Bank, Natl. Assn.*, 942 F.3d 1200, 1209 n. 5 (11th Cir. 2019) ("We do not ordinarily consider arguments raised in passing in one footnote rather than the body of the brief."); *Mock v. Bell Helicopter Textron, Inc.*, 373 F. App'x 989, 992 (11th Cir. 2010) (unpublished) (deeming an "argument waived" because a litigant "mention[ed] [it] in passing in a footnote only and [did] not elaborate on it in any further detail in either one of its briefs"). Accordingly, without more, the Court declines to consider the sufficiency of process on Rodriguez.

1. **Background**[3]

In early June 2021, Marius walked into an Iberia Bank branch, in Aventura, Florida, intending to open a business bank account. (Am. Compl. at 2, 7.) The business account was related to a non-profit Marius had started, called Purple Vine Refuge Inc., which provides support to homeless people. (*Id.*) Upon request, Marius says she provided all the necessary documents to Rodriguez, a bank employee who was purportedly assisting her. (*Id.*) Rodriguez made copies of Marius's documents, but as she began processing the information, Rodriguez told Marius that Aventura would never allow a homeless shelter to be established in the city. (*Id.*) Marius says Rodriguez then "made racially intimidated gestures [sic]," asked Marius why she chose Iberia Bank to open the account, and eventually advised her "to open her business account with banks for the 'Black people.'" (*Id.*)

Feeling "violated," as she describes it, Marius asked to speak to the bank manager. (*Id.* 2–3.) After learning that the bank manager was not there, Marius left the bank but returned later that evening. (*Id.* at 3.) Upon her return, a bank supervisor—Marius identifies her as Kathy—intervened between Marius and Rodriguez to have Marius's documents, including any copies, returned to her. (*Id.*)

A few days later, on June 8, 2021, Marius filed a complaint about the incident with the Consumer Financial Protection Bureau. (*Id.* at 3, 6–8.) It appears the bank responded to that complaint, ten days later, on June 18. (*Id.* at 10.) While the response did not address Marius's allegations of racial discrimination, it described the bank's policy of requiring a physical address for any business for which an account is being opened and explained that bank employees often ask bank customers how they came to choose the bank for their banking needs. (*Id.*) The bank's response further advised that, by asking for the information, the bank had not intended to offend her. (*Id.*) The bank did not take any further action. (*Id.* at 4.)

In the meantime, Marius was able to open a bank account with TD Bank, on June 14, without any issue. (*Id.*) She says she was damaged by the Defendants' discrimination because it led to some kind of delay in receiving certain donations. (*Id.*) Through this lawsuit, Marius seeks $10 million in damages.

---

[3] This background is based on the allegations in the complaint. For purposes of evaluating the Defendants' motion to dismiss for a failure to state a claim, the Court accepts the complaint's factual allegations as true and construes the allegations in the light most favorable to Marius per Federal Rule of Civil Procedure 12(b)(6).

## 2. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads *factual* content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (emphasis added). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

Lastly, the Court notes that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.1998).

## 3. Discussion

In their motion, the Defendants urge the Court to dismiss Marius's complaint, "with prejudice" and "at her cost," because she has failed to state a claim under either Title II or VII of the Civil Rights Act of 1964. (Defs.' Mot. at 6.) In doing so, the Defendants fail to consider or even mention whether Marius's pro se complaint, construed liberally, has stated a viable claim under any other theory of relief. Accordingly, the Court agrees with the Defendants only in part: to the extent Marius sought to set forth claims under either Title II or VII, she has failed to state a claim. On the other hand, such a finding does not, as the Defendants urge, doom Marius's complaint in its entirety. That

said, the Court also finds, upon its own review, that Marius's complaint is problematic for other reasons—as a shotgun pleading—and therefore strikes it, but with leave to amend.

As an initial matter, as the Court set forth above, the Court agrees with the Defendants that, to the extent Marius seeks relief under either Title II or VII of the Civil Rights Act, her claims fail. First, "only those plaintiffs who are 'employees' may bring a Title VII suit." *Llampallas v. Mini-Circuits, Lab, Inc.*, 163 F.3d 1236, 1242 (11th Cir. 1998). As Marius sets forth no facts establishing any kind of employment relationship with any defendant—indeed, she alleges she was a potential customer in her complaint (Am. Compl. at 2) and acknowledges she is not employed by the Defendants in her response (Pl.'s Resp. at 2)—she cannot state a claim under Title VII. Next, to the extent Marius instead intends to lodge a claim under Title II, that too fails. "Title II only prohibits discrimination on the basis of race or color in 'places of public accommodation,' and banks are not included in Title II's comprehensive list of public accommodations." *Hatcher v. Servis First Bank*, No. 2:16-CV-01362-RDP, 2016 WL 7336403, at *3 (N.D. Ala. Dec. 19, 2016) (cleaned up); *see also Akyar v. TD Bank US Holding Co.*, No. 18-CV-379 (VSB), 2018 WL 4356734, at *5 (S.D.N.Y. Sept. 12, 2018) "[T]he text of § 2000a does not explicitly include banks and courts have expressly concluded that banks are not places of public accommodation within the meaning of the provision.") (citing 42 U.S.C. § 2000a(b)); *Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 429 (4th Cir. 2006) ("Congress has clearly delineated those entities that fall within Title II's ambit, and [courts] are not at liberty to go beyond what it has plainly enacted."). Since Marius has not set forth any facts showing that she was discriminated against in a place of public accommodation, any Title II claim also fails.

But, in viewing Marius's allegations so narrowly, the Defendants fail to address whether Marius's pro complaint, liberally construed, may have stated a claim under some other theory. Because of this, any effort to dispose of the complaint in its entirety fails. Indeed, in reviewing the amended complaint, the Court readily concludes that Marius more likely intended to assert a claim under 42 U.S.C. § 1981, rather than under either Title II or VII.[4]

Marius's reference to "discrimination equal rights [sic]" and "Civil Rights under the Equal Act [sic]" seems to support this conclusion. (Am. Compl. at 1, 4.) And, importantly the complaint, read generously, appears to set forth facts

---

[4] Perplexingly, the Defendants confine support for their position, that Marius's claims arise only under Title VII, solely to the cover sheet accompanying Marius's initial complaint. (Defs.' Mot. at 2, 3 (citing ECF No. 1-1).)

sufficient to state a claim under § 1981. "To succeed on a § 1981 claim, the plaintiff must establish (1) that she is a member of a racial minority; (2) that the defendant had intent to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute." *Middleton v. Wells Fargo Bank, N.A.*, 474 F. Supp. 3d 1290, 1294 (N.D. Ga. 2020). Here, Marius alleges she is Black, that a bank employee interacting with Marius tried to redirect her to instead open an account "with banks for the Black people," and that this discrimination interfered with Marius's attempt to open an account. Without any argument from the Defendants about the non-viability of such a claim, the Court finds dismissal of the complaint in its entirety unwarranted. *See id.* ("'[W]here a customer has engaged in an actual attempt to contract that was thwarted by the merchant,' a § 1981 claim exists.") (quoting *Arguello v. Conoco, Inc.*, 330 F.3d 355, 358 (5th Cir. 2003)).

Additionally, Marius references other potential claims that the Defendants also neglect to mention, including violations of her right to free movement and privacy. While it appears these claims may ultimately prove baseless, the Defendants should at least acknowledge and address those claims, instead of leaving it to the Court to do that work for them, especially when they are ultimately urging the Court to dismiss the entire complaint, brought by a pro se litigant, with prejudice.

All that said, the Court recognizes, independently, that aspects of Marius's complaint are poorly drafted, amounting to a shotgun pleading. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015) ("At times we have used the term 'shotgun pleading' to mean little more than 'poorly drafted complaint.'") ("[W]hen a defendant fails to [move under Rule 12(e) for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead."). Although part of Marius's complaint complies, more or less, with Federal Rule of Civil Procedure 8(a)(2), allowing the Court and the Defendants to discern some facets of her claim, her pleading nonetheless runs afoul of Rule 10(b). Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Further, "[i]f doing so would promote clarity," Rule 10(b) also mandates that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count." *Id.* Here, all of the complaint's factual allegations, none of which are numbered, appear to apply to every claim and, without differentiation, to each defendant. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1354 (11th Cir. 2018) (describing a shotgun pleading as "incorporate[ing] all of the factual allegations into each count without

delineating which allegations pertained to each count"). As such, while the Court can loosely discern that there may be at least one possibly viable claim, the complaint's defects nonetheless leave the Court unable "to determine which facts support which claims, whether the plaintiff has stated any claims upon which relief can be granted, and whether evidence introduced . . . is relevant." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). Because of these deficiencies, the Court strikes Marius's amended complaint.

However, to the extent Marius believes she can fix these deficiencies and, in good faith (in compliance with Rule 11(b)), state a claim or claims for relief, she may file a second amended complaint. In doing so, Marius must (1) address the shortcomings noted in this order; (2) comply with the pleading requirements in Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure; (3) include a separate factual background section setting forth, in a linear and methodical way, specific factual allegations in support of her claim or claims; (4) separate out each discrete cause of action, to the extent there is more than one, into a different, sequentially numbered, count which clearly identifies the relevant cause of action or claim for relief and set forth the elements of each claim; (5) refrain from relying on conclusory or speculative allegations to support her claims; and (6) identify with specificity which factual allegations and acts or omissions pertain to which count. *See, e.g.*, *Toth v. Antonacci*, 788 F. App'x 688, 691 (11th Cir. 2019) ("[A]llegations should be set forth in numbered paragraphs and discrete claims should be separated by count.") (unpublished). The Court also directs Marius that she must also set forth the basis for the Court's jurisdiction, as required by Rule 8(a)(1). Should Marius file a second amended complaint, she may not expand her pleading beyond the universe of events, claims, and defendants she references in her amended complaint. Furthermore, the Court also orders Marius to review the Defendants' assertions regarding which entity or entities are the appropriate bank Defendants in this case and to ensure that she names the proper parties in any amended pleading. (*See* Defs.' Mot. at 1, 1 n. 1.)

### 4. Conclusion

In sum and for the reasons set forth above, the Court **grants** the Defendants' motion to dismiss, **in part**, to the extent Marius claims violations of Title II and VII of the Civil Rights Act of 1964, but **denies** it **in part**, as to any other claims or to the extent the Defendants seek dismissal of Marius's case in its entirety and with prejudice. (**ECF No. 26**). At the same time, the Court **strikes** Marius's amended complaint (**ECF No. 8**). Marius may file a second amended complaint by **August 16, 2024**, provided it complies with this order, Federal Rules of Civil Procedure 8(a) and 10(b), and the standards

otherwise described above. Marius is forewarned that her **failure to comply with or timely respond to this order may result in the dismissal of her case**.

**Done and ordered**, in Miami, Florida, on August 1, 2024

_____
Robert N. Scola, Jr.
United States District Judge